Appeal of **YORK HOTEL**                    Docket No. 925.
          **CORPORATION.**

The evidence does not show that the good will paid into the corporation in exchange for shares of stock had an actual cash value.

Submitted February 16, 1925; decided February 28, 1925.

*M. H. Rothman, C. P. A.*, for the taxpayer.

*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

## FINDINGS OF FACT.

1. The taxpayer is a New York corporation with its principal office at Seventh Avenue and Thirty-sixth Street, New York, N. Y.

2. It was incorporated May 7, 1912, and issued $250,000 capital stock, consisting of $125,000 preferred stock and $125,000 common stock, for the assets of the York Company and the Hotel York, a corporation. The preferred stock was issued for the assumed value of the tangibles, $125,000, and the common stock was issued, $70,000 for the appraised value of a lease and $55,000 for the appraised value of good will.

3. In its return for 1921 the taxpayer claimed that the assets paid in to the corporation in 1912 in exchange for $250,000 capital stock had a cash value of $250,000 at that date. Upon the audit of the return the Commissioner excluded from claimed invested capital $55,000, the alleged value of the good will paid in for an equivalent amount of the common stock of the corporation.

4. In 1903 Henry G. Williams and Sylvanus Stokes leased the hotel building at the northwest corner of Thirty-sixth Street and Seventh Avenue, New York, N. Y. The term of the lease was 21 years, with a privilege of renewal. Williams and Stokes operated the hotel as partners from 1903 to 1906. In the latter year the partners, who had invested $135,000 in the partnership, organized a corporation known as the York Company, and turned the assets of the partnership, including the lease, into the corporation for its capital stock of $135,000. Of the stock $88,500 was issued to Williams and $46,500 to Stokes. At the same time another corporation was organized known as " Hotel York, a corporation," which operated the hotel under the lease held by the York Company. Its capital stock of $50,000 was issued to Williams for $50,000 cash. From 1906 to 1911 the hotel was operated at a loss. Neither the partnership nor the Hotel York, a corporation, had any net earnings, and no dividends were ever paid by either of the corporations. On December 21, 1911, receivers were appointed for the York Company and for the Hotel York, a corporation, and they operated the York Hotel from December 21, 1911, to May 7, 1912, the date of the incorporation of the taxpayer. In 1912, Hotel York, a corporation, was indebted to Williams for personal loans to the extent of $24,174.37. Williams was never repaid any portion of the moneys thus advanced by him. In 1912 he paid an additional $57,054.20 to creditors of the corporation, including $10,000 to Sylvanus Stokes for his interest in the York Company, in order to wind up the receivership and get the properties in his own hands. Williams' total investment to May 7, 1912, was as follows:

| | |
|---|---:|
| York Corporation | $88, 500. 00 |
| Hotel York, a corporation | 50, 000. 00 |
| Personal loans to corporation | 24, 174. 37 |
| Paid to creditors | 57, 054. 24 |
| Total | 219, 728. 61 |

Upon the organization of the taxpayer on May 7, 1912, the incorporators valued the tangible assets at $125,000, the lease at $70,000, and the good will at $55,000.

61359°—26——43

The owners of the fee of the property voluntarily reduced the rental of the hotel $10,000 per annum from May 1, 1912, to May 1, 1917.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION. ·

SMITH: Under the Revenue Act of 1921, a corporate taxpayer is entitled to include in invested capital—

Intangible property bona fide paid in for stock or shares prior to March 3, 1917, in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest. (Section 326 (a) (4).)

The only question for determination here is whether the good will of the predecessor corporations, the York Company and the Hotel York, a corporation, had an actual cash value of $55,000, or any less amount at the time paid in for shares of stock in 1912. The facts with respect to the value of the good will are stated in the findings of fact. The predecessor corporations had not been able to operate at a profit. A considerable portion of the money invested by Sylvanus Stokes and H. G. Williams had gone to wipe out operating deficits. Stokes withdrew from the enterprise in 1912 and realized only $10,000 upon his investment of $46,500. The York Company and the Hotel York, a corporation, were insolvent. The lessor agreed to reduce the rental $10,000 per year for the term of five years from May 1, 1912, and then Williams invested in excess of $57,000 (including $10,000 for Stokes' interest) to liquidate the liabilities of the companies and continued to carry on the business.

We are not satisfied from the evidence before us that the good will of the York Company and of the Hotel York, a corporation, had an actual cash value in 1912. Those corporations had not been able to operate at a profit from the date of organization. The fact that the lessor voluntarily reduced the rental to the extent of $10,000 per annum for a period of five years from May 1, 1912, argues strongly that the good will had no cash value in the year in which the reduction was made. Upon the evidence before us it must be held that the claimed cash value of the good will in 1912 has not been proven.

In its petition the taxpayer asks assessment under section 328 of the Revenue Act of 1921. No evidence has, however, been presented which would prove such an abnormality in invested capital or income for the year 1921 as would warrant such assessment.